**TANNER & ORTEGA, L.L.P.**
ATTORNEYS AT LAW
30 VESEY STREET
PENTHOUSE FLOOR
NEW YORK, NEW YORK 10007

WWW.TANNERORTEGA.COM
TEL: (212) 962-1333
FAX: (212) 962-1778

HOWARD E. TANNER*
HUGO G. ORTEGA

*MEMBER OF N.Y., N.J. AND D.C. BAR

NASSAU OFFICE

1399 FRANKLIN AVENUE
SUITE 201
GARDEN CITY, NY 11530

**MEMO ENDORSED**

January 10, 2013

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: <u>United States v. Narcisa Veliz Novack</u>
10 Cr. 00602 (KMK)

Dear Judge Karas:

I write to the Court to reply briefly to the Government's response ("Government's Response"), dated January 7, 2013, to the defendant's request for a prison designation in the northeast region.

The Government's claim that "the only 'relatives' in the New York metropolitan region that [they] are aware of are her brother Carlos, an unindicted co-racketeer, and Carlos's live-in girlfriend Melanie Klein..." (Government Response at 1), is not accurate. Karla Veliz, the defendant's niece who testified at trial, lives in the New York Metropolitan region as does Laura Law, the defendant's sister in law. Although I am unaware as to whether or not either intends to visit Ms. Novack, my client believes that a designation in the northeast region will give her the best chance of having family visits. The defendant makes this request anticipating that the Bureau of Prisons ("BOP") might designate her to a facility in the southeast region, which would be closest to her last residence, a region which she believes would be too distant for family visits.

Notwithstanding the Government's knowledge or lack thereof as to the number of relatives Ms. Novack has in the northeast region, they request that the defendant's application be denied because somehow, despite a life sentence, "there is no limit to the mischief that [Ms. Novack] can and will reek if she is allowed to be in proximity with others close to this case." (Government Response at 2).

The government's justification in opposing the defendant's request is misplaced. First, it was the Government's decision not to prosecute Carlos Veliz and Melanie Klein and their designation of them as "unindicted racketeers" does not disqualify either of

Novack designation reply - January 10, 2012 - Page 2

them from visiting with Ms. Novack. I believe that, as with any other inmate, BOP Authorities will take every proper security precaution and approve or disapprove those who may wish to visit with the defendant. Second, the Government's concern that the defendant will commit "mischief" with others "close to this case" if allowed to remain in the northeast region, is speculative. They do not specify what kind of "mischief" she would cause while incarcerated in the northeast and yet be prevented from doing so if she was to be incarcerated in another part of the country.

Finally, as the Government concedes, the Court may make a recommendation for location of the defendant's confinement pursuant to Federal Rule of Criminal Procedure 38(b)(2) in order to assist counsel with her appeal. Respectfully, it is not for the Government to evaluate whether or not the defendant can "meaningfully assist" her appellate counsel in this case. Neither is her alleged prior employment history a relevant factor in this regard. As the Court is aware, the trial in this matter lasted approximately nine weeks. There were complex legal issues both pre-trial and during trial in which dozens of witnesses testified and hundreds of exhibits introduced. I submit that the defendant could give meaningful assistance to her appellate counsel in this case, which was, contrary to the Government's description, complicated in many respects.

Finally, given that the defendant has been sentenced to life in prison, it is crucial that she have a realistic hope of being able to visit with family.

I thank the Court for its consideration of this matter.

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner

cc: AUSA Elliott Jacobson (By email/PDF and Regular Mail)

The Clerk of the Court is respectfully requested to docket this letter.

So Ordered.

1/10/13